

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00305-CR

**JOSE ALVITER,**

                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                            **Appellee**

---

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 34,688CR

---

## MEMORANDUM  OPINION

---

Jose Alviter, Jr. was convicted of aggravated assault on a public servant, a first degree felony.  TEX. PENAL CODE ANN. §§ 22.01(a)(2); 22.02(a)(2), (b)(2)(B) (West Pamp. 2010).  He was sentenced to 50 years in prison.  Because the evidence is sufficient to support the conviction, we affirm the trial court's judgment.

Officer Anthony Parrish of the Waxahachie Police Department stopped a vehicle in which Alviter was the front seat passenger.  Officer Chris Eadler, also with the Waxahachie Police Department, arrived in a separate police unit to assist.  Although being ordered to do so by both officers, Alviter would not put his hands in view.  When

he finally placed his hands on the dashboard, Parrish pulled the driver out of the vehicle. Eadler approached the passenger side of the car with his duty weapon drawn. As he did, he noticed Alviter put his hands down in between the seat and the center console of the front seat. Eadler saw Alviter raise a revolver in between the bucket seats and point it at Parrish. He saw Alviter's finger in the trigger guard. Eadler yelled to Parrish that Alviter had a gun and then ordered Alviter to drop the gun. Alviter dropped the gun in the back floorboard. Parrish reacted to Eadler's alert by drawing his weapon and leaning over the driver, whom he was holding down on the trunk of the car, to look into the back window. He saw Alviter facing him. Parrish testified that at that point he was in fear of imminent bodily injury.

Alviter was charged with aggravated assault by threatening Parrish with imminent bodily injury and using a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2) (West Pamp. 2010). In his sole issue, Alviter contends the evidence is insufficient to prove that he threatened Officer Parrish with a gun because Parrish was unaware of the threat. The *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *see Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Under the *Jackson* standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original).

Alviter argues that to decide his issue, we must require the State to prove beyond a reasonable doubt that Alviter intended to place Officer Parish in apprehension of imminent danger by pointing a firearm at him. In other words, Alviter wants us to require the State to prove that Parrish actually perceived the threat. The statute does not require actual perception of the threat by the victim. TEX. PENAL CODE ANN. § 22.01(a)(2) (West Pamp. 2010) ("A person commits an offense if the person: (2) intentionally or knowingly threatens another with imminent bodily injury…."). Further, the question of whether a victim of assault by threat must perceive the threat has been left open by the Court of Criminal Appeals. *See Olivas v. State*, 203 S.W.3d 341, 349 (Tex. Crim. App. 2006).

Nevertheless, based on this record, we need not make the determination requested. Eadler saw Alviter raise a gun, have his finger in the trigger guard, and point it at Parrish. He yelled a warning to Parrish who reacted by drawing his weapon and looking at Alviter. Parrish said that he was in fear of imminent bodily injury. Even assuming, *arguendo*, that the State must prove Parrish perceived the threat, we find the evidence is sufficient to support the jury's verdict.

Alviter's issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed April 6, 2011
Do not publish
[CRPM]